UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN DRYDEN, | Case No. 2:20-cv-01730-GMN-NJK |
| Plaintiff | SCREENING ORDER |
| v. | |
| M. HUBBARD PICKETT, et al., | |
| Defendants | |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that allegedly occurred on May 19, 2019 while he was incarcerated at High Desert State Prison. (ECF No. 1-1 at 1). Plaintiff sues M. Hubbard-Pickett, Lt. Octiverous, Brian Williams, Ennis, and Barrett. (*Id.* at 1-3). Plaintiff brings three claims and seeks declaratory relief, compensatory damages, and exemplary damages. (*Id.* at 5, 11). The Court addresses each count in turn.

### A. Count I

Count I alleges the following: On May 29, 2019, Lieutenant Octiverous came through Unit 12-C with a Green Horn Officer in Training as Plaintiff and another inmate, Zachary, sat at a table. (*Id.*) Octiverous leaned into Zachary's ear and said to him loud enough for all to hear, "If you get the chance, beat the fuck out of this guy" and then began belittling him and calling him a troublemaker. (*Id.*) Zachary has "signed an affidavit." (*Id.*) Plaintiff alleges that Hubbard-Pickett repeatedly rejected Plaintiff's grievances but also says that the informal and first level grievances were partially granted. (*Id.*) Hubbard-Pickett rejected the second level grievance on the grounds that the remedy had changed from one level to another but it had not changed. (*Id.*) Plaintiff believes that correctional officers have been targeting Plaintiff ever since he filed a lawsuit against correctional

officers in 2014. (*Id.*) Plaintiff concludes that Octiverous's conduct shows bias by a prison official in their "higher levels of power," thus "proving an ongoing campaign of harassment, bias, and retaliation." (*Id.*) Plaintiff concludes that this alleged conduct constitutes intentional infliction of emotional distress and is cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*)

### 1. Intentional Infliction of Emotional Distress

Plaintiff's claims for intentional infliction of emotional distress are state tort claims, not federal claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

Furthermore, Plaintiff may not bring his state tort claims in this Court. NRS 41.0337 provides that no Nevada state tort action may be brought against a person who is named as a defendant solely because of an act or omission relating to the public duties or employment of an officer or employee of the state or political subdivision unless the state or appropriate political subdivision is "named a party defendant under NRS 41.031." Thus, the State of Nevada is an indispensable party in such a tort claim. *Cf. Craig v. Donnelly*, 439 P.3d 413, 415 (Nev. App. 2019) (holding that court was required under NRS 41.031 and NRS 41.0337 to dismiss state tort claims because plaintiff had not included the State of Nevada as a defendant); *see also Nunnelley v. Douglas Cty.*, 622 F. Supp. 124, 126 (D. Nev. 1985) (indicating that, under NRS 41.031, county that employed alleged tortfeasor was indispensable party). However, the State of Nevada has not waived its Eleventh Amendment sovereign immunity and therefore may not be sued in federal court for a state law tort claim. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (recognizing that, under the Eleventh Amendment, a state or its agencies cannot be sued in federal court without the state's consent and Nevada explicitly has refused to waive its Eleventh Amendment immunity). So, any tort claims Plaintiff seeks to bring based on the facts alleged in the complaint must be brought in state court,

not federal court. *See Hirst v. Gertzen*, 676 F.2d 1252, 1263–65 (9th Cir. 1982) (holding that, where Montana state law deemed governmental entity to be an indispensable party in any negligence action brought against its employee, the federal court had no supplemental jurisdiction over the state law claim if it had no jurisdiction over the indispensable party).

The Court therefore dismisses without prejudice and without leave to amend the claims for intentional infliction of emotional distress. Plaintiff may not pursue these claims in this action.

### 2. Eighth Amendment Claims

Verbal harassment or abuse is insufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Thus, a mere naked threat is not sufficient to violate the Eighth Amendment; *see also Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"), *amended on other grounds by* 135 F.3d 1318 (9th Cir.1998); *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment). Thus, to the extent Plaintiff is alleging that Octiverous verbally harassed him, he fails to state a colorable claim.

Although it is not clear, Dryden may be attempting to state an Eighth Amendment claim for deliberate indifference to Plaintiff's safety. Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish such a violation, the prisoner must establish that a prison was deliberately indifferent to an excessive risk to the inmate's safety. *Id*. at 834. Thus, a plaintiff must not only establish an excessive risk to his safety; he must also demonstrate that the prison official was deliberately indifferent to that excessive risk by showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also

draw the inference." *Id*. at 836-36. In addition, plaintiffs alleging deliberate indifference must also demonstrate that the defendant's actions were both an actual and proximate cause of their injuries. *Lemire v. California Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013).

Here, it is not clear whether Plaintiff is even attempting to show that there ever was an excessive risk to his safety. Plaintiff appears to be suggesting that Zachary is a friend or is supportive of him and even has provided Plaintiff with an affidavit. Plaintiff has not alleged facts that would be sufficient to show that there actually was an excessive risk that Zachary would follow Octiverous's suggestion to beat Plaintiff. Plaintiff also does not allege facts that would show that Zachary did beat him. The Court therefore dismisses this claim without prejudice and with leave to amend. If Plaintiff chooses to amend this claim, he may not merely allege verbal harassment. Rather, he must allege true facts sufficient to show that there was an excessive risk that he actually would be beaten and that the defendant was deliberately indifferent to this risk. He also should allege facts sufficient to show what injuries, if any, the defendant caused Plaintiff.

### 3. Retaliation

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69.

Thus, to state a retaliation claim, the plaintiff must allege facts sufficient to show that the <u>particular</u> defendant engaged in adverse conduct. *Id.* at 567. Furthermore, the plaintiff must allege facts sufficient to show that the particular defendant was aware of the protected conduct and that the protected conduct provided that particular defendant with

a retaliatory motive; mere speculation is insufficient. *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995). Timing may sometimes provide some circumstantial evidence of retaliatory intent when adverse conduct takes place shortly after the plaintiff engages in protected conduct. *See Bruce v Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2000) (suspect timing of adverse conduct soon after protected conduct, combined with statements by defendants and evidence of pretext created triable issue of fact concerning retaliatory motive). However, there must be something more than such timing to show retaliatory intent; retaliation is not established simply by showing adverse activity after the occurrence of protected speech, but rather a plaintiff must show a <u>connection</u> between the two events. *Husky v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000); *Pratt*, 65 F.3d at 808 ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights); *Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013). Moreover, the plaintiff bears the burden of pleading the absence of legitimate correctional goals for the conduct of which he complains. *Pratt*, 65 F.3d at 806. In addition, retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

In addition, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, a person does not become liable for retaliation merely because he or she is employed with, supervised by, or a supervisor of someone who engages in retaliation. Furthermore, a defendant's mere knowledge of someone else's retaliation is

insufficient to hold that defendant liable for retaliation. *Cf. Iqbal*, 556 U.S. at 677; *see also Heilman v. Wasko*, No. 2:12-CV-1966 GGH P, 2012 WL 4468417, at *2 (E.D. Cal. Sept. 25, 2012). Rather, for each defendant, a plaintiff must allege <u>facts</u> sufficient to show that the <u>particular</u> defendant took a particular adverse retaliatory course of conduct <u>because of</u> particular protected conduct. Speculative, collective, conclusory, and vague allegations are not sufficient.

The Court finds that Plaintiff fails to state a colorable retaliation claim. Plaintiff alleges that he filed a lawsuit a number of years ago. He does not alleged facts sufficient to show that Defendant Octiverous engaged in adverse and chilling conduct *because* of that lawsuit. The Court therefore dismisses the retaliation claim without prejudice and with leave to amend. If Plaintiff chooses to amend this claim, conclusory allegations will not be sufficient. Furthermore, he must do more than allege that he engaged in protected conduct in 2014 and that he subsequently suffered adverse conduct by the defendant. Plaintiff must allege true <u>facts</u> sufficient to show that the defendant engaged in retaliatory and chilling adverse action <u>because</u> of the protected conduct.

### B. Count II

Count II alleges the following: When Defendant Octiverous said "If you get the chance, beat the fuck out of this guy," it was a violation of an administrative code and officers are to be disciplined when this code of conduct is violated. (ECF No. 1-1 at 6). Hubbard-Pickett has swept these issues under the rug to protect Octiverous when she "failed" and "rejected" Plaintiff's grievance five times after Plaintiff "made it clear what was going on." (*Id.*) She found minor issues and made up false ones to "reject Plaintiff's issues in an ongoing problem that has created an issue of retaliation. (*Id.*) Plaintiff concludes that this alleged conduct constitutes "negligent training, supervising, recruiting policies" and that it constitutes cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*)

#### 1. Negligent Training, Supervising, and Recruiting

Negligence is not a violation of the Eighth Amendment. *Farmer v. Brennan*, 511

U.S. 825, 835-36 (1994). Rather, negligence is a state tort. As discussed above, Plaintiff may not pursue state tort claims against the Defendants in this action. *See* Section II.A.1 *supra*. The Court therefore dismisses without prejudice and without leave to amend the claims for negligent training, supervising, and recruiting.

### 2. Eighth Amendment Claims

For a discussion of applicable Eighth Amendment law, *see* Section II.A.2 supra.

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, a Plaintiff must allege facts sufficient to show that each particular defendant was deliberately indifferent and caused the harm; a defendant does not become liable for an Eighth Amendment violation merely because a co-worker or subordinate was deliberately indifferent. *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Merely failing to train or supervise subordinates is insufficient to establish that supervisors acted unconstitutionally. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010).

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. To the extent Plaintiff is attempting to state a claim against Hubbard-Pickett merely because she rejected his grievances, he fails to state a colorable claim and cannot do so.

Furthermore, informing Hubbard-Pickett of a constitutional violation after someone else committed a violation is not sufficient to show that Hubbard-Pickett herself was deliberately different and caused injuries to Plaintiff. The Court therefore dismisses the Eighth Amendment claim against Hubbard-Pickett without prejudice and with leave to amend. If Plaintiff chooses to amend this claim, Plaintiff must allege true facts sufficient to show that there actually was an excessive risk to Plaintiff's safety, that the particular defendant believed that an actual excessive risk to Plaintiff existed and responded

unreasonably to that risk, thus causing Plaintiff's specified injuries. The mere denial of a grievance claiming that an officer violated a prison regulation will not be sufficient to state a claim. Alleging that a subordinate committed a constitutional violation also will not be sufficient. In addition, conclusory allegations or allegations of negligence will not be sufficient.

### 3. Retaliation

For a discussion of the relevant retaliation law, see Section II.A.3 *supra*.

The Court finds that Plaintiff fails to state a colorable retaliation claim. Plaintiff alleges that he filed a lawsuit a number of years ago. He does not alleged facts sufficient to show that Defendant Hubbard-Pickett engaged in adverse and chilling conduct *because* of that lawsuit. The Court therefore dismisses the retaliation claim without prejudice and with leave to amend. If Plaintiff chooses to amend this claim, conclusory allegations will not be sufficient. Furthermore, he must do more than allege that he engaged in protected conduct in 2014 and that he subsequently suffered adverse conduct by the defendant. He also must do more than allege that someone else engaged in retaliation. Plaintiff must allege true <u>facts</u> sufficient to show that the particular defendant engaged in retaliatory and chilling adverse action <u>because</u> of the protected conduct.

### C. Count III

Count III alleges the following: Due to filing a "lawsuit/grievance on cos" in January 2014, Plaintiff has "suffered severely by the hands of prison officials sworn to protect him." (ECF No. 1-1 at 7). "They" placed Plaintiff in General Population as a protective custody level inmate without signing a waiver of liability and then "launched a campaign of harassment and retaliation" where Plaintiff was labeled a "rat-snitch" by correctional officer Kenneth Osborn[1] on January 8, 2014.[2] (*Id.*) Plaintiff repeatedly has been attacked

---

[1] Osborn is not a defendant in this action and the Court is aware that Plaintiff already has brought an Eight Amendment claim against Osborn based on these allegations. A duplicative claim could not be brought in this action and, in fact, would be deemed malicious. Therefore, the Court does not construe the complaint as alleging an Eighth Amendment claim against Osborn.

[2] To the extent Plaintiff is alleging that the Osborn called him a snitch because of

by inmates, "marked for death," thrown in the hole, and has been charged with assaults, refusing housing, threats, and disruption of operations. (*Id.*) Every time Plaintiff has "sought help," he has been "refused and thrown back into the cell with combative cellies" only to have to defend himself or refused housing and go to the hole. (*Id.*) Ninety percent of the time, the aggressors are rewarded with no charges and left in the cell while Plaintiff is taken to the hole. (*Id.*) Aggressors are given jobs and level one status for attacking Plaintiff. (*Id.*)

Plaintiff now is being punished with hole time in Administrative Segregation due to high yard points, yet those who attacked Plaintiff are not. (*Id.*) Plaintiff has filed "countless grievances." (*Id.* at 8). He also "has documented all these events in countless verbal exchanges" to Psych doctors, Case Workers (Ennis, Barrett), Warden Brian Williams, Associate Warden M. Hubbard-Pickett, Nash, and Lt. Octiverous. (*Id.* at 8). Plaintiff is considered a rat wherever he goes, even in protective segregation, and he is safer where he is in administrative segregation. (*Id.*) However, he is locked down 24/7 with no tier, which is "a blatant violation" of Plaintiff's Eighth Amendment rights. (*Id.*) Plaintiff asserts that "these issues" are "torture tactics" to "break" Plaintiff for filing a lawsuit against correctional officers in this prison where he is held and "retaliated against." (*Id.*)

Plaintiff concludes that this alleged conduct was a "retaliation/campaign of harassment" and a violation of the Eighth Amendment. (*Id.* at 7).

**1. Eighth Amendment**

For a discussion of relevant Eighth Amendment law, see Section II.A.2 and II.B.2 supra.

The Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. Plaintiff's allegations are largely conclusory, vague, and collective, and some of the allegations are duplicative of Claims I and II. As discussed above, to state a colorable § 1983 claim, a plaintiff must allege *facts* sufficient to show that a *particular* defendant

---

the lawsuit he filed, the Court will not accept that allegation as true because that lawsuit was filed because Osborn allegedly called Plaintiff a snitch. *See* 2:16-cv-01227-JAD-EJY, ECF No. 1-2.

violated his constitutional rights. Here, Plaintiff merely has listed a number of vague incidents or conditions without alleging facts that would be sufficient to show that any particular defendant was deliberately indifferent to a particular unsafe condition, causing him harm. The Court therefore dismisses any Eighth Amendment claims without prejudice and with leave to amend.

If Plaintiff chooses to amend any Eighth Amendment claims in Count III, he may not repeat any Eighth Amendment claims brought in Count I or Count II or pursued in another case. Furthermore, for each allegedly unconstitutional condition, he must allege facts sufficient to show that the condition was sufficiently severe to constitute an excessive risk to Plaintiff's health or safety. In addition, for <u>each</u> such incident and condition, he must allege facts sufficient to show that <u>each</u> <u>particular</u> defendant knew of that particular condition, believed that there was an excessive risk to Plaintiff's health or safety, and nevertheless unreasonably refused to address that risk, causing Plaintiff specified injuries. Plaintiff is advised that merely alleging that a Defendant has placed him in administrative segregation or disciplinary segregation will not be sufficient to allege a serious risk to his health or safety. Conclusory and collective allegations also will not be sufficient. Allegations constituting negligence also will not be sufficient.

### 2. Retaliation

For a discussion of the relevant law regarding retaliation see Section II.A.3 *supra*.

The Court finds that Plaintiff fails to state a colorable retaliation claim. Plaintiff's retaliation claims are merely conclusory. Although Plaintiff apparently believes that a litany of bad experiences he has had since 2014 all constitute retaliation, that is not sufficient to state a retaliation claim. The Court dismisses the retaliation claims without prejudice and with leave to amend. However, if Plaintiff chooses to amend this claim, conclusory allegations will not be sufficient. Moreover, for each retaliation claim, he must do far more than make conclusory allegations of retaliation or allege that he engaged in protected conduct in 2014 and that he subsequently suffered adverse conduct. For *each* Defendant, Plaintiff must allege true *facts* sufficient to show that the *particular* defendant

engaged in retaliatory and chilling adverse action *because* of the protected conduct rather than to advance a legitimate correctional goal.

### D. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Eighth Amendment and retaliation claims, as outlined above. However, the Court notes that it may very well be that Plaintiff has improperly joined some of the claims in this action. Because it is not always clear from the Complaint who Plaintiff is attempting to sue and on what factual basis, the Court cannot rule at this time on whether the joinder of all the claims is proper. To be clear, the fact that the Court is giving Plaintiff leave to amend some claims does not mean that all such claims necessarily are properly joined in this action. If Plaintiff improperly joins claims in one action, the Court later may sua sponte dismiss improperly joined claims and Defendants later may move to dismiss claims that Plaintiff has improperly joined, and it is possible that Plaintiff may not then be able to pursue those claims in another action.

Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all defendants arises in the action. Unrelated claims involving different defendants belong in different suits. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir.2007). Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation, such as retaliation or deliberate indifference to health and safety. Plaintiff may not evade these requirements merely by alleging that he told the same person about them or by baselessly adding a defendant to claims or making conclusory allegations that there is a campaign of harassment and retaliation. Plaintiff also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

Plaintiff may not amend the complaint to add unrelated claims against other

defendants. Furthermore, an amended complaint does not include new claims based on events that have taken place since the original complaint was filed. Any such claims must be brought in another action or actions.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *but see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." For *each* cause of action and *each* Defendant, he must allege *facts* sufficient to show that the *particular* Defendant violated Plaintiff's civil rights, providing a short and plain statement showing that he is entitled to relief. Plaintiff may not include allegations in a claim if those allegations are extraneous to the particular claim.

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice.

**III.   CONCLUSION**

For the foregoing reasons, it is ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court will file the Complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the Complaint.

It is further ordered that all of the state tort claims, including the claims for negligence and intentional infliction of emotional distress, are dismissed without prejudice

and without leave to amend.  Plaintiff may <u>not</u> pursue these claims in this case.

It is further ordered that the portion of the Eighth Amendment claim in Count I alleging mere verbal harassment is dismissed with prejudice, as amendment would be futile.

It is further ordered that the remainder of the case is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.  If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a timely amended complaint curing the deficiencies of the complaint, this action shall be dismissed.

DATED THIS  18  day of  May  2021.

_____
Gloria M. Navarro, Judge
United States District Court